COMMONWEALTH CONTAINER CORP., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16960.

United States Court of Appeals Third Circuit.

Argued Feb. 21, 1968.

Decided April 9, 1968.

———◆———

Norman E. Schlesinger, Saiber & Schlesinger, Newark, N. J. (Gerald P. Seid, Newark, N. J., on the brief), for petitioner.

Albert J. Beveridge, III, Tax Division, Department of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, Gilbert E. Andrews, Attys., Department of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, KALODNER and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

The taxpayer, Commonwealth Container Corporation, appeals from a decision of the Tax Court of the United States holding that there were deficiencies in income taxes for the year 1961 in the sum of $28,474.52 and for the year 1962 in the sum of $21,460.75. Jurisdiction is based on 26 U.S.C. § 7482. The only issue presented is what part of the net operating loss carryover of Tri-City Container Corp., which merged into Commonwealth on or about June 21, 1961, may be included in Commonwealth's net operating loss deduction for the years 1961 and 1962.

Simply stated the facts are as follows. The Tri-City Corporation was a New York corporation engaged in the manufacture of corrugated paperboard and containers. From its organization in 1955 up to the date of its merger with the taxpayer, Commonwealth Container, it had 180 outstanding shares owned as follows:

| Shareholder | Number of Shares |
|---|---|
| Paul Densen | 85½ |
| Abbot Greene | 85½ |
| Irwin Densen | 9 |
| Total | 180 |

Sometime prior to the merger of Tri-City with the taxpayer, Paul Densen and Abbot Greene each transferred 10 shares of their stock to trusts for their children so that immediately prior to the merger the stock of Tri-City was owned as follows:

| Shareholder | Number of Shares | Percentage of Total |
|---|---|---|
| Paul Densen | 75½ | 41.94 |
| Abbot Greene | 75½ | 41.94 |
| Irwin Densen | 9 | 5.00 |
| Various parties as trustees of 4 trusts holding 5 shares for each trust | 20 | 11.02 |
| Total | 180 | 100.00 [1] |

The taxpayer is a New Jersey corporation which is also engaged in the corrugated paperboard and container business. It was organized by Paul and Irwin Densen and Abbot Greene in 1951. Prior to the merger of taxpayer with Tri-City on June 21, 1961, taxpayer's stock was owned as follows:

| Shareholder | Number of Shares | Percentage of Total |
|---|---|---|
| Paul Densen | 356 | 29.66 |
| Abbot Greene | 356 | 29.66 |
| Irwin Densen | 60 | 5.00 |
| Elmer Hertzmark | 300 | 25.00 |
| Various parties as trustees of 4 trusts, holding 32 shares for each trust | 128 | 10.68 |
| Total | 1200 | 100.00 |

For some years prior to 1960 the taxpayer had operated at a profit while Tri-City had operated at a loss. The shareholders of both companies decided to merge the companies and the original plan of reorganization called for a transfer of the assets and business of Tri-City to the taxpayer in exchange for 300 shares of the latter's common stock. This plan was abandoned when taxpayer was unable to obtain a favorable ruling from the Internal Revenue Service that no gain or loss would be recognized by the stockholders of either party to the reorganization. Subsequently, in March, 1961, a new plan was adopted whereby each share of the 180 outstanding common shares of Tri-City was exchanged

1. Discrepancies between the totals and figures shown in this and other included charts are due to the rounding off of some of the figures.

for and converted into one share of the common stock of the taxpayer. Immediately after the merger, on June 21, 1961, the taxpayer's outstanding common stock was owned as follows:

| Shareholder | Number of Shares | Percentage of Total |
|---|---|---|
| Paul Densen | 431½ | 31.20 |
| Abbot Greene | 431½ | 31.20 |
| Elmer Hertzmark | 300 | 21.74 |
| Irwin Densen | 69 | 5.00 |
| Various parties as trustees of 4 trusts, holding 37 shares each | 148 | 10.72 |
| | 1380 | 100.00 |

About six months after the merger, Hertzmark and taxpayer dissolved their old employment agreement, under which Hertzmark had purchased his stock in Commonwealth, by entering into a new agreement. The new agreement continued the earlier restrictions on alienation of Hertzmark's stock but added that in computing the value of his shares any value attributable to the assets and business of taxpayer's Tri-City division was to be excluded, and that his stock was to be equal to 25 per cent of the value of all of taxpayer's issued and outstanding stock after deducting any value attributable to the Tri-City division.

After Commonwealth was informed by a revenue agent that it may not have issued a sufficient number of shares in exchange for the Tri-City stock in order to be able to deduct Tri-City's full operating loss carryover from Commonwealth's income, Commonwealth, sometime after September 25, 1964, issued an additional 120 shares (which were dated October 19, 1961, the date on the certificates of the 180 shares which had been issued) to Paul, Irwin, Abbot and the trusts for Paul's and Abbot's children. These 120 shares increased the total of taxpayer's outstanding common stock to 1500 shares, which were then held as follows:

| Shareholder | Number of Shares | Percentage of Total |
|---|---|---|
| Paul Densen | 481⅚ | 32.12 |
| Abbot Greene | 481⅚ | 32.12 |
| Elmer Hertzmark | 300 | 20.00 |
| Irwin Densen | 75 | 5.00 |
| Various parties as trustees of 4 trusts, holding 40⅓ shares for each trust | 161⅓ | 10.76 |
| Total | 1500 | 100.00 |

After trial, the Tax Court determined that the taxpayer was entitled to deduct only 65 percent of Tri-City's pre-merger net operating losses because it failed to meet the criterion of section 382(b) of the Code. First, the court held that the shareholders of the loss corporation did not own 20 percent of the fair market

value of taxpayer's outstanding stock "as a result of owning stock of the loss corporation" as required by Section 382(b) (1) (B) because they received only 180 out of taxpayer's 1,380 shares for their share of Tri-City. Second, it held that the taxpayer and the loss corporation were not owned "substantially by the same persons in the same proportion" as required by Section 382(b) (3) because Hertzmark owned 25 percent of the taxpayer but had no interest in Tri-City.

These conclusions were based on the assumption that each share of the taxpayer's stock owned by Hertzmark was equal in value to each share held by the other stockholders. Because taxpayer has not shown that Hertzmark's shares differed in value from those held by the other shareholders of Commonwealth, see footnote 6 in the Tax Court's opinion, 48 T.C. 483, we will affirm the judgment of the Tax Court on Chief Judge Drennen's exhaustive opinion.

KALODNER, Circuit Judge, would affirm for the reasons stated in the Tax Court's opinion.